**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**David REYES–AGUIRRE, Defendant—
Appellant.**

No. 05–50668.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 5, 2006.

Decided April 17, 2006.

U.S. Attorney, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Heather R. Rogers, FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: BRIGHT,* PREGERSON, and ALARCON, Circuit Judges.

MEMORANDUM **

Defendant–Appellant David Reyes–Aguirre ("Reyes–Aguirre") appeals the district court's denial of his motion to suppress evidence in connection with his conviction for possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291. We conclude that the scant evidence of criminal activity cited in this case could not give rise to a particularized reasonable suspicion. The facts are known to the parties and we do not recite them here.

Although each of the reasonable suspicion factors considered by the district court were proper, *see United States v. Brignoni–Ponce*, 422 U.S. 873, 884–85, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975), the factors cited simply do not create an individualized reasonable suspicion under the totality of the circumstances. *See Brignoni–Ponce*, 422 U.S. at 884, 95 S.Ct. 2574 ("[O]fficers on roving patrol may stop vehicles only if they are aware of *specific articulable facts* . . . that reasonably warrant suspicion that the vehicle contains aliens who may be illegally in the county." (emphasis added)); *United State v. Montero–Camargo*, 208 F.3d 1122, 1130 (9th Cir. 2000) (en banc) ("[I]nnocuous conduct does *not* justify an investigatory stop unless there is other information or surrounding circumstances of which the police are aware, which . . . tend to indicate criminal activity has occurred or is about to take place." (emphasis in original)).

The reasons given in this case would permit officers to stop vast numbers of vehicles engaged in purely legal activity and are far too general and thus do not meet the particularized suspicion requirement. *See United States v. Rodriguez*, 976 F.2d 592, 595–96 (9th Cir.1992) ("[W]e must not accept what has come to appear to be a prefabricated or recycled profile of suspicious behavior very likely to sweep many ordinary citizens into a generality of suspicious appearance merely on hunch."); *United States v. Hernandez–Alvarado*, 891 F.2d 1414, 1418–19 (9th Cir.1989) (holding that an investigatory stop is not justified

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

when the factors "describe too many individuals to create a reasonable suspicion that this particular defendant is engaged in criminal activity").

We accept the factual findings of the district court as not clearly erroneous. Nonetheless, those findings do not create reasonable suspicion that Reyes–Aguirre was engaged in criminal activity.

Accordingly, we REVERSE the district court's denial of Reyes–Aguirre's motion to suppress.